UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>JOEL KENNETH AUSBIE, et al.,<br><br>　　　　　　　　　　　　Defendant(s). | Case No. 2:16-CR-155 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Joseph Strickland's motion to review a magistrate judge's detention order (ECF No. 39). The government has filed a response. (ECF No. 49). Defendant has not filed a reply, and the time for doing so has passed.

**I.　Background**

Defendant was charged by a grand jury on May 18, 2016. (ECF No. 34). The indictment charges defendant and alleged co-conspirators with one count of conspiracy to commit arson, a violation of 18 U.S.C. § 844(i) and (n). *Id.*

Defendant made an initial appearance on January 28, 2016, before Magistrate Judge Carl Hoffman.[1] (ECF No. 5). Magistrate Judge Hoffman ordered the defendant detained, and he was remanded to custody. *Id.* On that same date, Magistrate Judge Hoffman signed an order of detention for defendant. (ECF No. 8).

**II.　Legal Standard**

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order."

---

[1] Defendant was arraigned and entered a plea of not guilty on May 25, 2016, before Magistrate Judge Peggy Leen. (ECF No. 48).

**James C. Mahan**
**U.S. District Judge**

The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985). The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Koenig*, 912 F.2d at 1192–93. The court may, but need not, hold an evidentiary hearing to make this determination. *See id.*

Pursuant to 18 U.S.C. § 3142(e), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The statute provides a list of factors for the court to consider in determining whether detention is necessary: "(1) The nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

For detention, the government must show that the defendant poses a flight risk by a preponderance of the evidence. *United States v. Windsor*, 785 F.2d 755, 757 (9th Cir. 1986). The government must also show that the defendant poses a danger to the community by clear and convincing evidence. *See United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

### III. Discussion

Magistrate Judge Hoffman found that "[t]here is a serious risk that the defendant will not appear" and that "[t]here is a serious risk that the defendant will endanger the safety of another person or the community." (ECF No. 8 at 2). In so finding, Judge Hoffman stated:

> Based on the information as set forth in the government's proffer, as well as the information provided to the Court by Pretrial Services, the Court finds the defendant poses a substantial risk of danger to the community and a substantial risk of nonappearance. The defendant's prior criminal history record reflects a prior felony conviction, seven prior misdemeanor convictions and several prior probation violations. The defendant also lacks significant family, property and employment ties to the community. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably protect the community against the risk of danger posed by the defendant or assure the defendant's appearance at future court proceedings, accordingly, the defendant is ordered detained pending trial.

*Id.*

**James C. Mahan**
**U.S. District Judge**

Judge Hoffman found by clear and convincing evidence based on the information offered at the initial appearance hearing—specifically, the government's proffer and pretrial services's assertions—that the defendant is a danger to the community. *Id.* He also found "by a preponderance of the evidence that the defendant is a risk of flight and no condition or combination of conditions will reasonably assure the safety of the community or the appearance of the Defendant." *Id.*

Strickland objects to the detention order. (ECF No. 39). Defendant's counsel has spoken to defendant's aunt and asserts that the aunt "is willing to allow Strickland to reside at her home and be a third party custodian." *Id.* at 2. Defendant implies that this familial supervision would address a concern of the government that "there were no verifiable addresses or phone numbers for Strickland," requesting that Strickland be released to his aunt with GPS monitoring. *Id.* Additionally, defendant's counsel asserts that pretrial services indicated to her that no probation violations were on its report. *Id.* at 2–3. Finally, defendant asserts that bench warrants for traffic tickets are a poor indication of whether he will appear in court when required to do so. *Id.* at 3.

The government's response indicates that its concerns were not limited to verifiable addresses or phone numbers, but also "employment, mental health, and substance abuse history." (ECF No. 49 at 3). Further, the government reiterates the defendant's criminal history, which includes a 2006 felony conviction, a misdemeanor assault conviction, and a conviction on supervised release. *Id.*

The court now applies the factors outlined in 18 U.S.C. § 3142(g). First, Strickland has been charged with conspiracy to commit arson with respect to the Las Vegas Kettle Corn & Special Events, LLC property located in Henderson, Nevada. (ECF No. 34). The offense underlying the alleged conspiracy, arson, is a serious crime. *See United States v. Hammond*, 742 F.3d 880, 884 (9th Cir. 2014) ("Even a fire in a remote area has the potential to spread to more populated areas, threaten local property and residents, or endanger the firefighters called to battle the blaze."). Therefore, this consideration weighs against granting defendant's motion.

Second, the weight of the evidence of guilt applies only to considering "the likelihood that the person will fail to appear or will pose a danger to the community." *United States v. Windsor*, 785 F.2d 755, 757 (9th Cir. 1986). While the record here does not clearly indicate the weight of the evidence of guilt, this factor "is the least important of [the 18 U.S.C. § 3142(g)] factors." *Id.*

James C. Mahan
U.S. District Judge

- 3 -

Third, defendant's history and characteristics weigh against him. Assuming *arguendo* both that living with the aunt would provide a discernable mailing address and telephone number for defendant and that GPS would address some possibility that defendant might not appear, the government's legitimate concerns regarding the lack of verified information regarding defendant's mental health, substance abuse history, and employment remain unaddressed. (*See* ECF No. 49 at 3). Additionally, the government states that information provided to pretrial services "indicated that [defendant] has a history of substance abuse, unstable residence, and unstable employment." *Id.* Further, the record indicates that defendant has a prior felony conviction and seven misdemeanor convictions. (ECF No. 8 at 2). Therefore, this consideration weighs against granting defendant's motion.

Finally, the court agrees with Magistrate Judge Hoffman's conclusion that "the defendant poses a substantial risk of danger to the community . . . ." (ECF No. 8 at 2). The serious nature of the alleged crime, the government's argument discussing the lack of verified information, and the defendant's criminal history is persuasive to find that defendant would pose a risk of danger to the community. The court finds that defendant's release to his aunt's custody with GPS tracking is not sufficient to alleviate well-founded concern regarding the appearance of this defendant or reasonably protect the community against the risk of danger posed by defendant.

**IV.     Conclusion**

Based on a *de novo* review of Judge Hoffman's findings and conclusions, as well as the foregoing discussion, the court finds by a preponderance of the evidence that defendant is a risk of flight. Moreover, the court finds by clear and convincing evidence that defendant is a danger to the safety of the community and that no condition or combination of conditions will reasonably assure the safety of the community.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

**James C. Mahan**
**U.S. District Judge**

- 4 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Joseph Strickland's motion to review a magistrate judge's detention order (ECF No. 39) be, and the same hereby is, DENIED.

DATED August 12, 2016.

                                                   _____
                                                 UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**